SHAFFERMAN AND FELDMAN, LLP
Joel M. Shafferman
137 Fifth Avenue, 9th Floor
New York, NY 10010
(212) 509-1802
joel@shafeldlaw.com

James C. Olson, Esq.
10451 Mill Run Circle
Suite 400
Owings Mills, MD 21117
(410) 356-8852
jolson@jamesolsonattorney.com

*Counsel to SRS Capital Funds, Inc.*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **Hearing Date and Time** |
| **EASTERN DISTRICT OF NEW YORK** | **October 28, 2020 @ 9:30 am** |

-----------------------------------------------------------------x

In re

SRS CAPITAL FUNDS, INC.,                                    Involuntary Chapter 7
                                                            Case No. 8-20-72883 (REG)

                            Alleged Debtor.

-----------------------------------------------------------------x

## NOTICE OF MOTION TO DISMISS INVOLUNTARY PETITION

**PLEASE TAKE NOTICE** that SRS Capital Funds, Inc., the alleged Debtor

("SRS" or the "Alleged Debtor"), by and through its attorneys Shafferman & Feldman LLP and

James C. Olson, Esq., shall move before the Honorable Robert E. Grossman, United States

Bankruptcy Judge, on **October 28, 2020 at 9:30 am** for an order pursuant to 11 U.S.C. §§ 303 and

305,  Rules 7012 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 12(b) of the

Federal Rules of Civil Procedure for an order dismissing the Involuntary Case filed by Zackary

Dugow ("Dugow"), Ari Jacoby ("Jacoby") and Gamified Ads, LLC ("Gamified") (collectively,

"Petitioners") and granting such other and further relief as this Court deems just and proper under the

1

circumstances at the United States Bankruptcy Court, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722 in Courtroom 860 and pursuant to the Bankruptcy Court's Emergency Procedures during the COVID-19 Pandemic.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the application must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, as modified by any administrative orders entered in this case, and be filed with the Bankruptcy Court electronically in accordance with the Court's Administrative Orders, by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, Microsoft Word, DOS text (ASCII) or a scanned image of the filing, with a hard copy delivered directly to Chambers, and be served in accordance with the Court's Administrative Orders, and upon: (i) Joel Shafferman, Esq., Shafferman & Feldman LLP, 137 Fifth Avenue, 9th Floor, New York, New York 10010; (ii) James Olson, Esq. 10451 Mill Run Circle, Suite 400, Owings Mills, MD 21117; and (ii) the Office of the United States Trustee, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, so as to be received by no later than 4:00 p.m. prevailing Eastern time on October 23, 2020.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Alleged Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court a proposed order, which may be entered with no further notice or opportunity to be heard.

SHAFFERMAN AND FELDMAN, LLP

*/s/ Joel M. Shafferman*
Joel M. Shafferman
137 Fifth Avenue, 9th Floor
New York, New York 10010
(212) 509-1802
joel@shafeldlaw.com

2

James C. Olson, Esq.
10451 Mill Run Circle
Suite 400
Owings Mills, MD 21117
(410) 35608852
jolson@jamesolsonattorney.com

*Counsel to SRS Capital Funds, Inc.*

SHAFFERMAN AND FELDMAN, LLP
Joel M. Shafferman
137 Fifth Avenue, 9th Floor
New York, NY 10010
(212) 509-1802
joel@shafeldlaw.com

James C. Olson, Esq.
10451 Mill Run Circle
Suite 400
Owings Mills, MD 21117
(410) 356-8852
jolson@jamesolsonattorney.com

*Counsel to SRS Capital Funds, Inc.*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **Hearing Date and Time** |
| **EASTERN DISTRICT OF NEW YORK** | **October 28, 2020 @ 9:30 am** |

------------------------------------------------------------------x

In re

SRS CAPITAL FUNDS, INC.,                                       Involuntary Chapter 7
                                                                              Case No. 8-20-72883 (REG)

                                    Alleged Debtor.

------------------------------------------------------------------x

## MOTION TO DISMISS INVOLUNTARY PETITION

SRS Capital Funds, Inc. ("SRS" or the "Alleged Debtor"), the alleged debtor in the

above-captioned involuntary Chapter 7 case (the "Involuntary Case"), by its attorneys, Shafferman

and Feldman, LLP and James C. Olson, Esq., moves pursuant to 11 U.S.C. §§ 303 and 305, Rules 7012

and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 12(b) of the Federal Rules

of Civil Procedure for an order dismissing the Involuntary Case filed by Zackary Dugow ("Dugow"),

Ari Jacoby ("Jacoby") and Gamified Ads, LLC ("Gamified") (collectively, "Petitioners").

### Preliminary Statement

1.       This case must be dismissed because the Petitioners cannot demonstrate that each

of their claims is not subject to a bona fide dispute as to liability or amount.  Because there is a

bona fide dispute regarding the validity of the claim asserted by Gamified and a bona fide

dispute as to the amount of the claim asserted by Dugow, these petitioners lack standing to act as petitioning creditors in this case.  As SRS has far more than 12 creditors, three eligible creditors are required to commence an involuntary case.  As there is only one eligible petitioner here, the Involuntary Case should be dismissed.

2.      The claim asserted by Gamified is subject to a dispute as to its validity, because Gamified obtained its claim by an unauthorized assignment from another entity.

3.      The claim asserted by Dugow is subject to a dispute as to amount.  Mr. Dugow alleges in the involuntary petition that SRS owes him $150,000.   SRS contends that it only owes Mr. Dugow $100,000.

4.      This Court does not have to resolve these disputes.  It is sufficient that the disputes are real.  The existence of these bona fide disputes disables Gamified and Dugow from commencing this Involuntary Case.

5.      Petitioners do not meet the eligibility requirements for filing an involuntary petition against the Alleged Debtor and this case must be dismissed.

6.      Dismissal of this case is in the best interest of creditors, because this is essentially a two-party dispute.

## Background

7.      SRS is in the merchant cash advance business.  SRS purchases future receivables from its customers at a discount.  This provides immediate funds to SRS's customers for use in the operation of the customer's business.  SRS funds the operation of its business and the payment of interest on its debts from the margin of discount at which it purchases the receivables from its customers.  Affirmation of Spencer Silverman in Support of Motion to Dismiss Involuntary capitation ("Silverman Aff.") ¶ 4.

8.      To obtain funds in order to purchase receivables, SRS borrows from individuals and entities.  At the present time, SRS has 74 such creditors to whom it owes collectively approximately $9,000,000.  Silverman Aff. ¶ 5.  A majority of these creditors live in Israel. Silverman Aff. ¶ 5.

9.      SRS borrowed $200,000 from Mr. Jacoby.  Silverman Aff. ¶ 6.  SRS borrowed $100,000 from Mr. Dugow.  Silverman Aff. ¶ 7.

10.     SRS did not borrow any money from Gamified.  Silverman Aff. ¶ 8.  In the involuntary petition, Gamified alleges that it is the current holder by assignment of a note from SRS payable to Insticator, Inc. ("Insticator") in the amount of $100,000.  However, the loan agreement between SRS and Insticator prohibits assignment of the loan without the written consent of SRS.  Silverman Aff. ¶ 9.  SRS has not consented to that assignment.  Silverman Aff. ¶ 10.

11.     As alleged in the petition, both Gamified and Insticator are entities wholly owned by Mr. Dugow.  All three Petitioners are represented by the same counsel.  These two individuals and a related entity are owed $400,000 out of a total debt in excess of $9,000,000. The Petitioners' share of the total debt is less than 4.3 percent.

12.     In May, 2020, SRS commenced a process to adjudicate claims of creditors in a *Beit Din* (rabbinical court) in Israel.  Silverman Aff. ¶ 11.   SRS provided notice of its actions to all of its creditors, including the Petitioners here, by email.  Silverman Aff. ¶ 11.   The majority of creditors support this method of adjudication to resolve all of the creditor claims.  Silverman Aff. ¶ 12.

13.     The Petitioners filed the petition commencing this Involuntary Case on September 4, 2020.

3

**Jurisdiction**

14.      This Court has subject matter jurisdiction to consider and determine this Motion

pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Argument**

***Dugow and Gamified Lack Standing to be Petitioning Creditor's under Section 303***

15.      The Involuntary Petition should be dismissed under section 303 of the

Bankruptcy Code, because the alleged claims of Mr. Dugow and Gamified are subject to bona

fide dispute as to validity and/or amount.

16.      Section 303(b) of the Bankruptcy Code provides, in pertinent

> part: An involuntary case . . . is commenced . . .
>
> (1) by three or more entities, each of which is either a holder of
> a claim against such person that is not contingent as to liability
> or the subject of a bona fide dispute as to liability or amount or
> an indenture trustee representing such a holder, if such
> noncontingent, undisputed claims aggregate at least $16,750
> more than the value of any lien on property of the debtor
> securing such claims held by the holders of such claims….

11 U.S.C. § 303(b); *see also* 11 U.S.C. § 303(h) (an order for relief cannot be entered if "such

debts are the subject of a bona fide dispute as to liability or amount").

> Courts recognize that a petitioning creditor's claim must be certain as to both
> liability and amount.  As one court observed:
>
> > [I]n order to qualify as a petitioning creditor, the creditor must hold
> > a claim that is "not contingent as to liability what the subject of a
> > bona fide dispute as to liability or amount."  A creditor must
> > satisfy both prongs of this test; the claim must not be subject to a
> > bona fide dispute as to *either* liability or a *dispute* as to amount.
>
> [Citations omitted]

*In re Taub,* 438 B.R. 761, 770 (Bankr. E.D.N.Y. 2010).  *Accord, Fustolo v. 50 Thomas Patten*

*Drive, LLC*, 816 F.3d 1, 9-10 (1st Cir. 2016); *Credit Union Liquidity Services v. Green Hills*

*Development Company (In re Green Hills Development Company)*, 741 F.3d 651, 657 (5ᵗʰ Cir.

2014); *In re Mountain Dairies, Inc*., 372 B.R. 623, 634 (Bankr. S.D.N.Y. 2007).

17.    In determining what constitutes a "bona fide dispute" under section 303(b) of the

Bankruptcy Code, the Second Circuit has adopted a standard used by other Circuit Courts: "The

bankruptcy court must determine whether there is an objective basis for either a factual or a legal

dispute as to the validity of the debt." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330

F.3d 111, 117 (2d Cir. 2003), *abrogated on other grounds by In re Zarnel*, 619 F.3d 156 (2d Cir.

2010) (quoting *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987)). "The reasoning behind the

objective standard is that . . . Congress intended to disqualify a creditor whenever there is *any*

*legitimate basis for the debtor not paying the debt, whether that basis is factual or legal*." *Key*

*Mech.*, 330 F.3d at 117–18 (quotation marks omitted) (emphasis added). Under this objective

standard, a court does not determine or evaluate the potential outcome of the dispute; it merely

determines whether the facts give rise to a legitimate disagreement.  "[T]he court need not

resolve any genuine issues of fact or law; it only must determine that such issues exist."  *Taub,*

438 B.R. at 771. If there is a legitimate disagreement, the claim cannot be the basis for an

involuntary petition.

18.    The Petitioners have the burden of proving all statutory requirements of section

303 of the Bankruptcy Code, including that there is no bona fide dispute – a burden that the

Petitioners' filing does not meet. The Second Circuit, like other Circuits, "requires, first, that the

petitioning creditor establish a prima facie case that no bona fide dispute exists.  Once a prima

facie case has been established, the burden shifts to the debtor to demonstrate the existence of a

bona fide dispute." *Key Mech.*, 330 F.3d at 118; *In re Ishaky,* 2010 Bankr. LEXIS 807, *9

(Bankr. E.D.N.Y. 2010).

19.    Moreover, because the existence of a bona fide dispute deprives the petitioning creditor of standing under section 303, *Credit Union Liquidity Services,* 741 F.3d at 656, "[a]ny creditor wishing to invoke the bankruptcy court's jurisdiction in an involuntary case should be required to demonstrate at the earliest practicable point that it petition satisfies this requirement [that there is no bona fide dispute]." *Mt. Dairies,* 372 B.R. at 630.

20.    In the present case, Dugow and Gamified are each subject to a bona fide dispute. As set forth in the Silverman affirmation, the records of SRS show only a $100,000 debt to Mr. Dugow, not the $150,000 he claims.  Mr. Silverman has attached a copy of the loan documentation signed by SRS and Mr. Dugow corroborating the bona fides of that dispute. Silverman Aff. ¶ 7.

21.    With respect to Gamified, the loan documents relating to the Insticator loan show clearly that Insticator was prohibited from assigning its loan to Gamified without the consent of SRS.  No consent from SRS has ever been given.  Silverman Aff. ¶¶ 9 & 10.

22.    Because of these disputes, neither Mr. Dugow nor Gamified has standing to be a petitioning creditor in this case.

***This Involuntary Case Should Be Dismissed Pursuant to Section 305***

23.    Section 305 of the Bankruptcy Code provides:

> (a)  The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if-
>
>       (1)  The interest of creditors and the debtor would be better served by such dismissal or abstention….

11 U.S.C. § 305.

24.     Section 305 does not set out a test or delineate the specific circumstances under

which dismissal will better serve the interests of creditors and the debtor.  Instead, bankruptcy

courts have wide discretion to consider the matter on a case-by-case basis. *In re TPG Troy, LLC*,

492 B.R. 150, 160 (Bankr. S.D.N.Y. 2013);  *In re Spade*, 269 B.R. 225, 228 (D. Colo. 2001) ("A

bankruptcy court is not bound by a prescriptive template; it may consider any factors it deems

relevant to the determination of whether it is in the best interests of the parties to the suit to seek

dismissal. Reasoned judgment based on articulated facts is the only test which the statute itself

requires"); *In re Argus Group 1700, Inc.*, 206 B.R. 737, 755 (Bankr. E.D. Pa. 1996) ("the exact

factors and the weight to be given each of them is 'highly sensitive to the factors of each

individual case'"), *aff'd*, 206 B.R. 757 (E.D. Pa. 1997).

25.        Dismissal under section 305 of the Bankruptcy Code is appropriate where it is

clear that the involuntary filing was nothing more than a litigation tactic as part of a two-party

dispute, and an alternative forum exists for the parties to resolve their disputes. *See, e.g., In re

Selectron Management Corp,* 2010 Bankr. LEXIS 3361 *17-18 (Bankr. E.D.N.Y. 2010)("In a

case where an involuntary petition is really a two-party dispute that can be addressed in state

court, as this case is, then the court can and will abstain."); *Ishaky,* 2010 Bankr. LEXIS 807 at *9

("The Court finds this to be a two-party dispute in which the parties have adequate remedies in

State Court."); *In re Trina Associates*, 128 B.R. 858, 868 (Bankr. E.D.N.Y. 1991) (where the

petitioning creditors were "motivated by reasons other than the debtor's insolvency, the court

should take a second look at the situation to see if in fact bankruptcy is the best route for all

concerned"). Indeed, as one court has explained, "[a]llowing creditors to use the bankruptcy

court as a routine collection device would quickly paralyze the court." *In re Axl Indus., Inc.*, 127

B.R. 482, 484 (S.D. Fla. 1991).  The legislative history also counsels that a bankruptcy court may

dismiss a case in accordance with section 305 of the Bankruptcy Code if "an involuntary case has

been commenced by a few recalcitrant creditors to provide a basis for future threats to extract

full payment. The less expensive out-of-court workout may better serve the interests in the case."

*See*, H.R. 95-595, 95th Cong. 1st Sess. 325 (1977).

26.       The involuntary petition filed here is essentially an attempt by two individuals

and a related entity to avoid the resolution of their claims in the forum preferred by the majority

of creditors.  Silverman Aff. ¶ 12.   Indeed, a majority of SRS's creditors have already signed the

arbitration agreement required by the *Beis Din* in order to commence the proceedings. Silverman

Aff. ¶ 12.   The majority of creditors live in Israel, and for them, a resolution by the *Beit Din* is

not only more convenient, but preferable for religious reasons.

27.       Although the Petitioners are within their rights seeking to collect their individual

debts in American courts, dragging all of these Israeli creditors into an American bankruptcy

court, when there is already a proceeding commenced in Israel, is not in the best interest of

creditors.

## Reservation of Rights

28.       SRS does not waive any right to judgment under 11 U.S.C. § 303(i).

## Conclusion

For the reasons set forth above, the Alleged Debtor requests that this Court enter an order,

substantially in the form attached hereto as Exhibit A, (i) dismissing the Involuntary Petition, and

(ii) granting such other relief to the Alleged Debtor as is just and proper.

Dated: September 29, 2020

SHAFFERMAN AND FELDMAN, LLP

*/s/ Joel M. Shafferman*
Joel M. Shafferman
137 Fifth Avenue, 9th Floor
New York, NY 10010
(212) 509-1802
joel@shafeldlaw.com

James C. Olson
10451 Mill Run Circle
Suite 400
Owings Mills, MD 21117
(410) 356-8852
jolson@jamesolsonattorney.com

*Counsel to SRS Capital Funds, Inc.*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re

SRS CAPITAL FUNDS, INC.,                           Chapter 7
                                                   Case No. 8-20-72883 (REG)
                        Alleged Debtor.
-----------------------------------------------------------------x

**ORDER GRANTING MOTION TO DISMISS INVOLUNTARY PETITION**

Upon the motion (the "Motion") of SRS Capital Funds, Inc. ("Alleged Debtor"), the alleged debtor in the above-captioned involuntary Chapter 7 case ("Involuntary Case") to dismiss the Involuntary Case, pursuant to 11 U.S.C. §§ 303 and 305, Rule 7012 of the Federal Rules of Bankruptcy Procedure, and Rule 12(b) of the Federal Rules of Civil Procedure; and proper notice of the Motion having been provided; and the Bankruptcy Court having found and determined that the legal and factual bases set forth in the Motion and accompanying affirmation establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that the Involuntary Case is dismissed.

Dated: Islip, New York
_____, 2020


                                                   _____
                                                   United States Bankruptcy Judge