SHAFFERMAN AND FELDMAN, LLP
Joel M. Shafferman
137 Fifth Avenue, 9th Floor
New York, NY 10017
(212) 509-1802
joel@shafeldlaw.com

James C. Olson
10451 Mill Run Circle
Suite 400
Owings Mills, MD 21117
(410) 35608852
jolson@jamesolsonattorney.com

*Counsel to SRS Capital Funds, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re

SRS CAPITAL FUNDS, INC.,

                Alleged Debtor.
-----------------------------------------------------------------x

**Hearing Date and Time**
October 28, 2020 @ 10:00 am

Involuntary Chapter 7
Case No. 8-20-72883 (REG)

### AFFIRMATION OF SPENCER SILVERMAN IN SUPPORT OF
### MOTION TO DISMISS INVOLUNTARY PETITION

Spencer Silverman, pursuant to 28 U.S.C. § 1746, affirms as follows:

1. I am more than 18 years of age and am competent to testify regarding the matters set forth in this affirmation.

2. I make this affirmation in support of the Motion to Dismiss Involuntary Petition filed by SRS Capital Funds, Inc. ("SRS"). I make this affirmation of my personal knowledge, except as otherwise stated.

3. I am the founder and president of SRS.

4. SRS is in the merchant cash advance business. SRS purchases future receivables

1

from its customers at a discount. This provides immediate funds to SRS's customers for use in the operation of the customer's business. SRS funds the operation of its business and the payment of interest on its debts from the margin of discount at which it purchases the receivables from its customers.

5. To obtain funds in order to purchase receivables, SRS borrows from individuals and entities. At the present time, SRS has 74 such creditors to whom it owes collectively approximately $9,000,000. More than half of these creditors live in Israel.

6. SRS borrowed $200,000 from petitioning creditor Ari Jacoby. A copy of the loan agreement and promissory note evidencing SRS's obligation to Mr. Jacoby is attached as <u>Exhibit A</u>.

7. SRS borrowed $100,000 from petitioning creditor Zackary Dugow. A copy of the loan agreement and promissory note evidencing SRS's obligation to Mr. Dugow is attached as <u>Exhibit B</u>.

8. SRS did not borrow any money from petitioning creditor Gamified Ads, LLC ("Gamified").

9. In the involuntary petition, Gamified alleges that it is the current holder by assignment of a note from SRS payable to Insticator, Inc. ("Insticator") in the amount of $100,000. However, paragraph 13 the loan agreement between SRS and Insticator prohibits assignment of the loan without the written consent of SRS. A copy of the loan agreement and promissory note evidencing SRS is obligation to Insticator is attached as <u>Exhibit C</u>.

10. SRS has not consented to any assignment by Insticator of its loan.

11. In May 2020, SRS commenced a process of having a *Beis Din* (Rabbinical Court) in Israel determine the claims of the creditors. The *Beis Din* is comprised of a panel of

three rabbinic scholars, who have been ordained in Jewish monetary law, with some members of the Beis Din "pool" being CPAs or having other professional backgrounds. On June 21, 2020, SRS began a process of providing notice of its actions regarding the Beis Din to all of its creditors, including Ari Jacoby, Zackary Dugow and Insticator, by email.

12. A majority of SRS's creditors have already signed the arbitration agreement required by the Beis Din in order to commence the proceedings. As recently as September 16, 2020, Aaron Lubling, who was hired by SRS to arrange the Beis Din process in Israel, received an email from the Beis Din regarding the next steps in that proceeding. A copy of the email from the Beis Din is attached as Exhibit D. The proceedings of the Beis Din are currently stayed by the filing of the involuntary petition against SRS.

I declare and affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2020.

_____
Spencer Silverman

3