Rosen & Kantrow, PLLC
*Proposed Attorneys for Allan B. Mendelsohn, Chapter 7 Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Fred S. Kantrow, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                Chapter 7

    SRS CAPITAL FUNDS, INC.                                    Case No.: 20-72883-reg
    *aka* SRS CAPITAL FUNDS 2 LLC,
    *aka* SRS CAPITAL FUNDS II, LLC,
    *aka* SRS CAPITAL LLC,

                          Debtor.
-----------------------------------------------------------x

### APPLICATION OF ALLAN B. MENDELSOHN, TRUSTEE, FOR THE ENTRY OF AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING AARON I. LUBLING TO PRODUCE DOCUMENTS

Allan B. Mendelsohn, trustee (the "Trustee") in the above captioned chapter 7 case, by and through his proposed attorneys, Rosen & Kantrow, PLLC, respectfully submits this as and for its application (the "Application") for the entry of an Order directing AARON I. LUBLING, ESQ. ("Lubling") to produce documents and to effect service of the subpoena upon Lubling at 3205 Hatton Road, Pikesville, MD 21208, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and states as follows:

### BACKGROUND INFORMATION

1. On September 4, 2020, an involuntary chapter 7 petition was filed against SRS Capital Funds, Inc., a/k/a SRS Capital Funds 2 LLC, a/k/a SRS Capital Funds II, LLC, a/k/a SRS Capital, LLC, debtor (the "Debtor"). On October 28, 2020, the Court entered the Order for Relief.

2. Allan B. Mendelsohn was appointed interim Trustee.

3. Trustee has been involved in a review of Debtor's finances in an attempt to locate and recover assets for the benefit of the Debtor's substantial creditor body. To that end, Trustee has reviewed financial documents, including, but not limited to, documents relating to Debtor's business operations.

4. A review of the Debtor's application to dismiss the involuntary petition was supported by certain exhibits. Among those exhibits was an email, which appears to be incomplete, authored by Lubling (the "Lubling Email"). This Lubling Email seems to give the impression that the Debtor is current the subject of a "Beis Din" in Israel in which the Debtor intends to "distribute money" to various creditors who may or may not have been made aware of the Beis Din (a religious tribunal"). Moreover, because the Lubling Email makes reference to the distribution of funds, which would axiomatically be considered property of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code, any attempt to circumvent the Bankruptcy Court which has jurisdiction over such property, would be a violation of the Bankruptcy Code.

5. It is imperative to the orderly administration of this bankruptcy estate that all information in the custody, possession or control of Lubling, related to the Beis Din which is taking place outside of the purview of the Trustee, the creditors and this Court, be turned over to the Trustee immediately. Attempts to contact Lubling without Court intervention have proved, so far, to be unsuccessful. The urgency of safeguarding estate property is a fiduciary responsibility of the Trustee and he is moving expeditiously to do just that.

**RELIEF REQUESTED**

6. By this Application, Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto compelling Lubling to produce the documents specified in Schedule "A" to the proposed subpoena (annexed hereto as Exhibit "A").

7. Bankruptcy Rule 2004 provides, in pertinent part, as follows:

> (a) Examination on Motion.  On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination.  The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents.  The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.  As an office of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

8. As a threshold matter, Trustee has the absolute right to be heard in this case pursuant to 11 U.S.C. § 1109(b)("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

9. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formation of a plan.  *See,* Fed. R. Bankr. P.  2004(a), (c) and

(d).  Court have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

10. The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtor's estate.  Specifically, the Trustee seeks, *inter alia,* information relating to the Debtor's finances. Accordingly, the requested discovery is directly related to the "acts, conduct or property or to the liabilities of the Debtor's estate and is appropriate under Rule 2004.

WHEREFORE, Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
November 4, 2020

        Rosen & Kantrow, PLLC
        Proposed Counsel to Trustee

    BY: S/Fred S. Kantrow
       Fred S. Kantrow
       38 New Street
       Huntington, New York 11743
       631 423 8527
       Fkantrow@rkdlawfirm.com