Rosen & Kantrow, PLLC
*Proposed Attorneys for Allan B. Mendelsohn, Chapter 7 Trustee*
38 New Street
Huntington, New York 11743
(631) 423-8527
Fred S. Kantrow, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                          Chapter 7

    SRS CAPITAL FUNDS, INC.                            Case No.: 20-72883-reg
    *aka* SRS CAPITAL FUNDS 2 LLC,
    *aka* SRS CAPITAL FUNDS II, LLC,
    *aka* SRS CAPITAL LLC,

                             Debtor.
----------------------------------------------------------x

**APPLICATION OF ALLAN B. MENDELSOHN, TRUSTEE, FOR THE ENTRY OF AN
ORDER PURSUANT TO RULE 2004 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING
<u>MORGAN QUINN TO APPEAR FOR AN ORAL EXAMINATION</u>**

Allan B. Mendelsohn, trustee (the "Trustee") in the above captioned chapter 7 case, by and through his proposed attorneys, Rosen & Kantrow, PLLC, respectfully submits this as and for its application (the "Application") for the entry of an Order directing Morgan Quinn ("Quinn" and/or the "Witness") to appear for an oral examiantion and to effect service of the subpoena upon Quinn at 3 Newbury Street, Monroe, New York 10950-1532, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and states as follows:

**BACKGROUND INFORMATION**

1.      On September 4, 2020, an involuntary chapter 7 petition was filed against SRS Capital Funds, Inc., a/k/a SRS Capital Funds 2 LLC, a/k/a SRS Capital Funds II, LLC, a/k/a SRS Capital, LLC, debtor (the "Debtor"). On October 28, 2020, the Court entered the Order for Relief.

2.      Allan B. Mendelsohn was appointed interim Trustee.

3.      Trustee has been involved in a review of Debtor's finances in an attempt to locate and recover assets for the benefit of the Debtor's substantial creditor body.  To that end, Trustee has reviewed financial documents, including, but not limited to, documents relating to Debtor's business operations.

4.      Upon information and belief, and based upon a review of public documents, Quinn is the Debtor's Chief Operating Officer (the "COO") and a former employee of Cardinal, LLC ("Cardinal").  Cardinal is in the same, or very similar business as the Debtor, to wit: the merchant cash advance ("MCA") business.  The Debtor is currently a plaintiff in an action pending in the Supreme Court, County of New York, in which Cardinal is the defendant (the "State Court Action").  In the State Court Action, the Debtor is seeking substantial damages against Cardinal and other related defendants based upon numerous allegations, mostly which sound in fraud.

5.      In order to understand the nature of the Debtor's business model in connection with the Trustee's administration of the estate, it is essential that he take the deposition testimony of Quinn.  It is for these reasons that the Trustee submits this Application.

**RELIEF REQUESTED**

6.      By this Application, Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto compelling Quinn to appear for an oral deposition.

7.      Bankruptcy Rule 2004 provides, in pertinent part, as follows:

> (a) Examination on Motion.  On Motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination.  The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts,

> conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an office of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

Fed. R. Bankr. P. 2004(a), (c), (d).

8. As a threshold matter, Trustee has the absolute right to be heard in this case pursuant to 11 U.S.C. § 1109(b)("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

9. Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formation of a plan. *See,* Fed. R. Bankr. P. 2004(a), (c) and (d). Court have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28

(Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

10.     The discovery sought by this Application goes directly to the acts, conduct and administration of the Debtor's estate.  Specifically, the Trustee seeks, *inter alia,* information relating to the Debtor's finances. Accordingly, the requested discovery is directly related to the "acts, conduct or property or to the liabilities of the Debtor's estate and is appropriate under Rule 2004.

WHEREFORE, Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated:  Huntington, New York
        November 4, 2020

                           Rosen & Kantrow, PLLC
                           Proposed Counsel to Trustee

BY:     S/Fred S. Kantrow
        Fred S. Kantrow
        38 New Street
        Huntington, New York 11743
        631 423 8527
        Fkantrow@rkdlawfirm.com